Brady, J.
The plaintiffs sought by this action of claim and delivery to repossess themselves of merchandise which they were induced to sell the defendant Apple by representations which he made to them falsely and with a fraudulent intent. Some of it was seized by the sheriff and some of it was eloigned and could not be found. The plaintiffs, upon the trial, abandoned a part of their alleged claim and confined their right of recovery to articles then specified. The defendants struggled against any recovery, and by counsel interposed many objections and took many exceptions. This is not, it is true, an unusual characteristic of weak defenses, but it nevertheless indicates infirmity, and generally with juries leads to injurious results. Here some, if not all, of those taken upon the trial are presented as fatal to the validity of thé judgment; but none of them are vigorous enough to accomplish that result. It is not designed in this opinion to take them up seriatim, but to consider those only demanding formal recognition.
The first on the appellant’s brief, is that the verdict should have been in the alternative under sections 1726, 1730 of the Code and the interpreting decisions in regard to them. The point is not well taken, however, for the reason that the verdict substantially conforms to these provisions and the judgment completely. The jury rendered a verdict in favor of the “plaintiffs for the full value of the goods not returned and assessing their value at the sum of $1,164.27.” This is a verdict in favor of the plaintiffs assessing the value of the merchandise at the sum named. The judgment is that the plaintiffs recover pos *224 session of the property seized and that not found, as already suggested, and that if possession cannot be delivered of the property not found, the plaintiffs recover the value of it as declared by the jury. The form might have been more felicitous, but the Substance has all the strength necessary, as will be seen on examination of the sections mentioned. See also Phillips v. Melville, 10 Hun, 211.
The second point is that the defendant Apple made no representations in July prior to purchases made in that month; but it appears that he did make representations in the June preceding and made no qualifications of them in July. It is sometimes difficult to characterize such niceties as this, although they are designated as ingenious, technical, hair-splitting, etc.; but it is quite clear that on principle the point can have no force in the effort to disturb a judgment relating to representations made in June.
There is no reason why the rule should be departed from that a statement once made as of a fact which cannot vary or be varied is continued from time to time as long as the relations of the parties to which it refers are continued. Here the_ statement was as to a sum of money put in as capital, which was untrue and known to be so when it was made, although it is true there were other and accompanying representations. The presumption is not in favor of innocence as to July, when, as to June, the guilt is established by which the fraud was perfected, and when fair dealing demanded that if any material change had occurred since the representations in June, it should be revealed. The purchaser is not bound to make any statement, He may decline and seek other vendors; but if he speaks, he must speak truly and honestly or take the consequences. There can be no other rule for transactions, and there never will be unless fraud be converted into an honest factor in the dealings between men.
The next point is that the plaintiffs could not avail themselves of the fraud and seek their goods without restoring what they received in money applicable to the account, but this is of no value, for the reason that no payment was made after the defendant Apple’s failure, and which conveyed to the plaintiffs the intelligence that the representations which had been made were false. They had not been paid for all the goods delivered, and the price of those which were not replevied, and more was still due to the plaintiffs. Is it possible that in order to get back their goods or their value they should restore any sum received on account of transactions, in which property had been delivered by them and used by the defendant Apple ? Of course not. No such rule prevails, springing from any relations of parties. There is a class of cases in which it is declared that where prop *225 erty in any form has been received upon a contract which it is sought to rescind, the plaintiff must yield up what he has taken. That is not this case. The plaintiffs received nothing but money, and that was in payment for the goods they delivered to the defendant Apple.
The other exceptions do not require particular examination.
Several of them relate to matters legitimately connected with the chain of evidence by which fraud is developed link by link until completed, although it sometimes seems as if the links were not in union, and therefore, the evidence forming them is not admissible. It is quite apparent that the trial was fairly conducted and the defendants were given all the rights and privileges to which they were entitled. Indeed, nearly ah the requests to charge, made by the defendants were granted, and the law of the case announced as liberally for them as it could be. Aside from all these considerations, it must be said that the verdict seems to be just beyond doubt.
The judgment should be affirmed, with costs.
Daniels, J., concurs.